DAVID TYKULSKER, ESQ. (031111982)
DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, New Jersey 07042
(973) 509-9292
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON SILVERIO and CHRISTIAN SILVERIO, <br><br> Plaintiffs, <br><br> v. <br><br> NEW ASSOCIATED MINIMARKET, LLC, and JULIAN DE LA CRUZ a/k/a JULIO DE LA CRUZ, <br><br> Defendants. | Civil Action <br><br> **COMPLAINT AND JURY DEMAND** |

## SUMMARY OF CASE

1. Plaintiffs bring this action to rectify Defendants' failure to pay minimum wage and premium pay for hours worked in excess of 40 hours per week, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. 34:11-56a1 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the WHL claim pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in this Court per 28 U.S.C. § 1391(b)(1) as Defendant New Associated Minimarket, LLC ("Minimarket") has a principal place of business at 124 16th Avenue, Paterson, New Jersey 07501.

**PARTIES**

5. Plaintiffs Ramon Silverio and Christian Silverio currently reside in Passaic County, New Jersey.

6. Defendant Minimarket is a domestic limited liability company which has its principal place of business at 124 16th Avenue, Paterson, New Jersey 07501.

7. At all relevant times, Defendant Julian de la Cruz a/k/a Julio de la Cruz is currently and has been the sole member of the Minimarket limited liability company and was Chief Executive Officer of Minimarket.

8. In addition, Defendant de la Cruz is the sole member of the De La Cruz Grocery and Deli, LLC ("Grocery"), which maintains its principal place of business at 123 16th Avenue, Paterson, directly across the street from Minimarket.

9. In addition, Defendant de la Cruz is the sole member of the La Fe Restaurant LLC ("La Fe"), which maintains its principal place of business at 125 16th Avenue, Paterson, New Jersey, directly across the street from Minimarket.

10. Defendant de la Cruz is the owner of the warehouse at 233 Carroll Street, Paterson, New Jersey ("the Warehouse").

11. Defendant de la Cruz had the power to hire and fire employees, set employees' wages, retain time and/or wage records, and otherwise control the terms and conditions of employees' employment at Minimarket, Grocery and La Fe.

2

12. At all times relevant, Defendant De la Cruz has had the power to stop any illegal pay practices at Minimarket, Grocery and La Fe.

13. At all times relevant, Defendant De la Cruz actively managed, supervised, and directed the business affairs and operation of Minimarket, Grocery and La Fe and has acted directly and indirectly in relation to the employees.

## STATEMENT OF FACTS

14. Plaintiffs commenced work as employees of Minimarket on or about March 1, 2016, and continued their employment by Minimarket until on or about January 8, 2017.

15. The Defendants, separately and jointly, knew or should have known that he or it was required by the FLSA and the WHL to pay each employee the applicable minimum hourly wage.

16. The Defendants, separately and jointly, knew or should have known that he or it was required by the FLSA and the WHL at least one and one-half times the employee's hourly wage when s/he worked in excess of 40 hours per week ("overtime").

17. The Defendants, separately and jointly, knew or should have known that he or it was required by the WHL and/or the FLSA to maintain accurate records of the amount of wages paid to Plaintiffs, and any benefits paid to Plaintiffs.

18. Defendants failed to maintain accurate records of the amount of wages paid to Plaintiffs, and any benefits paid to Plaintiffs.

19. The Defendants, separately and jointly, knew or should have known that he or it was required by the FLSA and the WHL to maintain accurate records of the hours worked by Plaintiffs.

20. Defendants failed to maintain accurate records of the hours worked by Plaintiffs.

21. The Defendants, jointly and separately, knew or should have known that he or it was required by the FLSA and WHL to post notices informing employees of their rights under these statutes.

22. As a matter of practice and policy, each of the Defendants, individually and collectively, did not post notice to inform employees of their rights under the WHL.

23. As a matter of practice and policy, each of the Defendants, individually and collectively, did not post notice to inform employees of their rights under the FLSA.

24. Plaintiffs worked for Defendants performing work as retail store employees, stocking shelves, freezers and refrigerators; slicing and wrapping meat and other products; made up orders; accepting deliveries from wholesalers; making sales and working the cash register; and cleaning and sweeping.

25. In addition, both Plaintiffs regularly accepted orders for patrons to take out meals from La Fe.

26. As various food items for use at La Fe were regularly stored at Minimarket, both Plaintiffs regularly moved food items between La Fe and Minimarket.

27. Both Plaintiffs and other employees of Minimarket unloaded trucks for storage of items at the Warehouse.

28. Both Plaintiffs and other employees of Minimarket regularly retrieved goods for sale at Minimarket from the Warehouse.

29. The Warehouse's function was to store goods that were used by Minimarket, Grocery and La Fe. The same supplies at the Warehouse were drawn on by Minimarket, Grocery and La Fe.

30. Both Plaintiffs would apply seasoning to and cut meat that was then used for orders at La Fe.

31. When La Fe had an excess of meat and other food items that it could not sell, it would return same to Minimarket which would then sell these items.

32. Cashiers at Minimarket would regularly work at La Fe and vice versa.

33. Inventory was regularly stored and exchanged between Minimarket and Grocery, and both Plaintiffs participated in moving food items and other items between the two locations for sale.

34. If Minimarket ran out of an item, or a customer requested an item that Minimarket did not stock at that time, the customer was directed to Grocery and, upon information and belief, Grocery reciprocated this practice.

35. Both Plaintiffs regularly made deliveries to patrons of La Fe by means of a shopping cart.

36. Deliveries of orders from Minimarket, Grocery and La Fe were regularly made by the same deliverypersons in the same vehicles.

37. Defendants advertised on Paterson radio stations jointly for La Fe and Minimarket.

38. Defendants provided for the maintenance of the buildings at the Warehouse, Grocery, La Fe and Minimarket on a joint basis through Victor Construction.

39. Defendants provided for the maintenance of the equipment at the Warehouse, Grocery, La Fe and Minimarket on a joint basis through Tony Refrigeration and other contractors.

40. Defendants paid Plaintiff Christian $250/week without benefits for his work.

41. Plaintiff Christian's regular work schedule for Defendants was from 3 pm to 10 pm Sunday through Friday, and from 8 am to 10 pm on Saturday, which hours Plaintiff Christian in fact worked throughout his employment by Defendants.

42. That is to say, Plaintiff Christian regularly worked 56 hours per week.

43. Defendants promised Plaintiff Ramon $500 per week.

44. Defendants paid Plaintiff Ramon no more than $400 per week for the first two months of his employment.

45. Defendants thereafter paid Plaintiff Ramon $500 per week until he ceased employment on or about January 8, 2017.

46. Defendants promised Plaintiff Ramon that he would work from 8 am to 4 pm with 1 day off. That is to say, Defendants promised Plaintiff that his work week would be limited to 48 hours per week.

47. However, Defendants failed to honor their promise with regard to Plaintiff Ramon's hours, and compelled him to follow a work schedule where he worked a minimum from 8 am to 10 pm seven days a week. In addition, every other day Plaintiff Ramon would open Minimarket at 7 am and every other day Plaintiff Ramon would close Minimarket at 11 pm.

48. That is to say, Plaintiff Ramon regularly worked 105 hours per week.

49. On the last six Saturdays for which he worked for Defendants, Plaintiff Ramon worked from 4 pm to 11 pm.

50. That is to say, for the last six weeks that he worked for Defendants, Plaintiff regularly worked 97 hours per week.

## COUNT I (FLSA)

51. Plaintiffs repeats all of the foregoing as if fully set forth herein.

6

52. Plaintiffs were engaged in interstate commerce in that they regularly handled food items and cleaning supplies shipped from outside New Jersey, and hence this Court has subject matter jurisdiction over Plaintiffs' FLSA claims on an individual basis.

53. At all times relevant, Minimarket, Grocery, La Fe and the Warehouse were an enterprise engaged in commerce for purposes of the FLSA as they engaged in related activities regarding the retail sale of food products, were under the common control of Defendant de la Cruz and by regularly sharing supplies, sales, support services and employees had a common business purpose, and had more than $500,000 in revenue. Hence this Court has subject matter jurisdiction over Plaintiffs' FLSA claims.

54. In the alternative, Minimarket was engaged in commerce, had more than $500,000 in revenue, and hence this Court has subject matter jurisdiction over Plaintiffs' FLSA claims.

55. During the relevant time period each Plaintiff was an "employee" of Minimarket within the meaning of 29 U.S.C. §203.

56. During the relevant time period each Plaintiff was an "employee" of Defendant De la Cruz within the meaning of 29 U.S.C. §203.

57. During the relevant time period Defendant Minimarket was each Plaintiff's "employer" within the meaning of 29 U.S.C. §203.

58. During the relevant time period Defendant De la Cruz was each Plaintiff's "employer" within the meaning of 29 U.S.C. §203.

59. Defendants' pay practices violate the FLSA.

60. Defendants' violations of the FLSA were willful.

**WHEREFORE**, Plaintiffs demand judgment of Defendants, jointly and severally:

    a.    Declaring that Defendants' pay practices violate the FLSA;

b.  Compensating Plaintiffs for unpaid minimum wages and overtime;

c.  Providing liquidated damages for these violations;

d.  Granting attorney's fees and all costs of suit; and

e.  Securing such other relief as this Court deems just and meritorious.

## COUNT II (WHL)

61. Plaintiffs repeat all of the foregoing as if fully set forth herein.

62. During the relevant time period each Plaintiff was an "employee" of Minimarket within the meaning of N.J.S.A. 34:11-56a1(h).

63. During the relevant time period each Plaintiff was also an "employee" of Defendant De la Cruz within the meaning of N.J.S.A. 34:11-56a1(h).

64. During the relevant time period Defendant Minimarket was each Plaintiff's "employer" within the meaning of N.J.S.A. 34:11-56a1(g).

65. During the relevant time period Defendant De la Cruz was each Plaintiff's "employer" within the meaning of N.J.S.A. 34:11-56a1(g).

66. Defendants' pay practices violate the WHL.

**WHEREFORE,** Plaintiffs demand judgment of Defendants, jointly and severally:

a.  Declaring that Defendants' pay practices violate the WHL;

b.  Compensating Plaintiffs for unpaid minimum wages and overtime;

c.  Awarding prejudgment interest;

d.  Granting attorney's fees and all costs of suit; and

e. Securing such other relief as this Court deems just and meritorious.

/s David Tykulsker
DAVID TYKULSKER, Esq.
David Tykulsker & Associates
161 Walnut Street
Montclair, NJ 07042
(973) 509-9292 (phone)
(973) 509-1181 (fax)
David@dtesq.com

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

/s David Tykulsker
DAVID TYKULSKER, Esq.

## L.Civ.R. 11.2 CERTIFICATION

I certify that I am not aware of any other court case, arbitration or administrative proceeding involving the matter in controversy herein.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 8, 2017.

/s David Tykulsker
DAVID TYKULSKER, Esq.